# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Case Nos.  25-7132, 25-7297

JEREMY HOLLOWAY,

Plaintiff – Appellant

vs.

COUNTY OF ORANGE, et al.

Defendants – Appellees

On Appeal from the United States District Court
for the Central District of California,
District Court No. 8:19-cv-01514-DOC-DFM
The Hon. David O. Carter, Judge Presiding

## APPELLEES' MOTION FOR AN EXTENSION OF TIME TO FILE ANSWERING BRIEF

CATHERINE A. NALTSAS [SBN 262259]
JESSE K. COX [SBN 285218]
RYANE C. SKINNER [SBN 356970]
LYNBERG & WATKINS, APC
1100 Town & County Road, Suite 1450
Orange, California 92868
Tel: (714) 937-1010/Fax: (714) 937-1003
**Attorneys for Appellees**

1

## APPELLEES' MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF

Pursuant to Federal Rules of Appellate Procedure 26(b) and Ninth Circuit Rules 27-1 and 31-2.2, Appellees respectfully move for an extension of 30 days, to and including August 27, 2026, within which to file Appellees' Answering Brief, or in the alternative, and preferably to promote judicial economy and save time and expense of the parties, **to 30 days from the date that this Court issues its ruling on Appellees' Motion to Strike** [Dkt. 26]. Good cause exists for the requested extension.

### A. Legal Standard

Pursuant to Ninth Cir. R. 31-2.2(b), "an extension of time may be granted only upon written motion supported by a showing of diligence and substantial need." Furthermore, the motion "shall be accompanied by a declaration stating: (1) when the brief is due; (2) when the brief was first due; (3) the length of the requested extension; (4) the reason an extension is necessary; (5) movant's representation that movant has exercised diligence and that the brief will be filed within the time requested; (6) whether any other party separately represented objects to the request, or why the moving party has been unable to determine any such party's position; and (7) that the court reporter is not in default with regard to any designated transcripts."

2

As set forth in further detail below, Appellees has satisfied each of the foregoing requirements. Accordingly, Appellees respectfully requests that this Court grant its request for an extension of time to file its Answering Brief and Supplemental Excerpts of Record from July 27, 2026, to August 27, 2026, or in the alternative, and preferably to promote judicial economy and save time and expense of the parties, to 30 days from the date that this Court issues its ruling on Appellee's Motion to Strike [Dkt. 26].

**B. Good Cause Exists Favoring an Extension of Time to File Answering Brief**

Here, good cause exists for several reasons. First, this case is undeniably complex. Pending since 2021, the parties have undergone four trials, and the issues pending appeal brought by Appellant are voluminous and numerous. Both parties have raised the complexity including the number of trials and parties as a consideration for this Court underlying both this request and Appellant's prior requests for extensions of time [See, e.g., Dkt. 20.1]. Understanding this, Appellees have not opposed any of Appellant's requests for extension of time (including requests filed on the day Appellant's brief was due, such as Dkt. 15).

In an effort to appropriately narrow the appealable issues before the Court (and to save the Court and parties time and expense of briefing numerous issues not the subject of the appeal), Appellees filed a Motion to Strike [Dkt. 26], which remains pending. The Court's ruling on the Motion to Strike [Dkt. 26] may affect

the issues that must be addressed in Appellees' Answering Brief, including the scope of the record and the arguments properly before the Court. Granting a brief extension until after disposition of that motion will promote judicial economy by avoiding unnecessary or duplicative briefing and permitting Appellees to file one complete response addressing the operative record and issues while conserving judicial and party resources. Accordingly, granting an extension until a ruling on Appellees' pending Motion to Strike supports just, speedy, and economical briefing on a potentially significantly narrowed scope.

Second, during the current briefing period, counsel of record for Appellees, Jesse K. Cox and Ryane Skinner, have been extensively engaged in preparation for trial in another matter involving court-imposed deadlines. The matter is Kerrigan v. County of Orange, Orange County Superior Court Case No. 30-2018-00973047-CU-CR-CJC, and it is slated to begin trial in Orange County Superior Court on August 17, 2026. [See, Declaration of Jesse K. Cox ("Cox Decl."), ¶¶ 4-5]. Those obligations have required substantial time and attention, significantly impacting counsel's ability to complete the Appellee's Answering brief within the existing deadline. Separately, Mr. Cox has been the principal brief writer on two separate Ninth Circuit appeals, both with initial Answering Brief deadlines that directly conflict with Appellee's deadline here. [See, Cox Decl., ¶ 6]. More specifically, Mr. Cox has been engaged in brief writing in Oscar A. Gonzalez Cordova v. Paul

4

Munoz, et al., Ninth Circuit Case No. 25-7524 and Ammari v. Don Banres, et al., Ninth Circuit Case No. 26-48. The briefs in the Cordova and Ammari matters were due on July 24, 2026 and July 27, 2026, respectively. [See, Cox Decl., ¶ 6]. Given the multiple competing briefing deadlines and trial obligations, counsel have requested and been granted a Streamlined Extension of Time to file the Answering Brief in Cordova. [See, Cox Decl., ¶ 6].

In addition, undersigned counsel Catherine A. Naltsas has been out of the country during a portion of the briefing period because of previously scheduled international travel. [See, Declaration of Catherine Naltsas ("Naltsas Decl."), ¶¶ 4-5]. Although counsel remained available to address urgent matters, the travel materially reduced the time available to prepare the Answering Brief, and supports the requested extension. Separately, Ms. Naltsas unexpectedly suffered a car accident on July 11, 2026, causing injury which took her out of work to recover and receive medical treatment. [See, Naltsas Decl., ¶¶ 4-5].

Third, there will be no prejudice to Appellant if an extension is granted. Requests for extensions made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice. Though Appellant's counsel has indicated that Appellant opposes the requested extension [See, Naltsas Decl., ¶ 6], all parties will be focused on the issues squarely on appeal if the Court

5

extends the time to prepare Answering Brief to 30 days from the date on the Court's ruling on the Motion to Strike [Dkt. 26], or to August 27, 2026.

## C. Conclusion

For the reasons set forth herein and the accompanying Declarations, Appellees respectfully request that the Court extend the deadline for filing Appellees' Answering Brief to and including August 27, 2026, or in the alternative, and preferably to promote judicial economy and save time and expense of the parties, **to 30 days from the date that this Court issues its ruling on Appellee's Motion to Strike [Dkt. 26]**.

DATED: July 23, 2026                    Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By:   */s/ Catherine A. Naltsas*
        **CATHERINE A. NALTSAS**
        **JESSE K. COX**
        **RYANE C. SKINNER**
        Attorneys for Defendants/Appellees

6

## <u>CERTIFICATE OF COMPLIANCE WITH  FED. R. APP. 32(a)(7)(c) AND</u>

## <u>CIRCUIT RULE 32-1</u>

We certify that the foregoing **DEFENDANTS'/APPELLEES' MOTION FOR EXTENSION OF TIME** is double spaced and utilizes a proportionately-spaced 14-point Times New Roman typeface. This motion comprises a total of 1029 words, as calculated by the Microsoft Word word processing system, the means by which it was prepared.

DATED: July 23, 2026   Respectfully submitted,

         **LYNBERG & WATKINS**
         A Professional Corporation


By: */s/ Catherine A. Naltsas*
    **CATHERINE A. NALTSAS**
    **JESSE K. COX**
    **RYANE C. SKINNER**
    Attorneys for Defendants/Appellees

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, I electronically filed the **APPELLEES'**

**MOTION FOR AN EXTENSION OF TIME TO FILE ANSWERING BRIEF**

with the Clerk of the Court for the United States Court of Appeals for the Ninth

Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that

service will be accomplished by the appellate CM/ECF system.

Dated: July 23, 2026

*/s/ Debra Miranda* _____
DEBRA MIRANDA

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Case Nos.  25-7132, 25-7297

JEREMY HOLLOWAY,

Plaintiff – Appellant

vs.

THE COUNTY OF ORANGE, et al
Defendants – Appellees

On Appeal from the United States District Court
for the Central District of California,
District Court No. 8:19-cv-01514-DOC-DFM
The Hon. David O. Carter, Judge Presiding

**DECLARATION OF JESSE K. COX IN SUPPORT OF APPELLEES'
MOTION FOR AN EXTENSION OF TIME TO FILE ANSWERING BRIEF**

CATHERINE A. NALTSAS [SBN 262259]
JESSE K. COX [SBN 285218]
RYANE C. SKINNER [#SBN 356970]
LYNBERG & WATKINS, APC
1100 Town & County Road, Suite 1450
Orange, California 92868
Tel: (714) 937-1010/Fax: (714) 937-1003
**Attorneys for Appellees**

1

## <u>DECLARATION OF JESSE COX</u>

I, Jesse Cox, declare as follows:

1.      I am a Partner in the law firm of Lynberg & Watkins, counsel of record for Appellees COUNTY OF ORANGE, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace office ("Appellees"). I have personal knowledge of the facts stated in this Declaration, and if called upon to do so, can competently testify thereto under oath.

2.      This declaration is prepared and submitted in support of Appellees' Motion for an Extension of Time to File Answering Brief to August 27, 2026, or in the alternative, and preferably to promote judicial economy and save time and expense of the parties, to 30 days from the date that this Court issues its ruling on Appellees' Motion to Strike [Dkt. 26].

3.      Appellees' Answering Brief in this matter was originally due on March 6, 2026.  [Dkt. 2].  Appellant filed several requests for extensions of time to submit his Opening Brief, including a Streamlined Request for Extension of Time and two motions to extend Appellant's time to file, all of which were granted.

2

Following these extensions and corresponding modification of Appellees' Answering Brief deadline, Appellee Chad Renegar filed a Steamlined Request for Extension of Time to File his Answering Brief, which was granted and all Appellees' briefing deadlines were adjusted accordingly. On June 16, 2026, Appellees here filed their own Streamlined Request for Extension of Time to File an Answering Brief, which was granted on June 17, 2026. [Dkt. 30]. Per that extension, Appellees' deadline to file their Answering Brief is July 27, 2026.

4. I am the lead trial attorney on the matter of Kerrigan v. County of Orange, Orange County Superior Court Case No. 30-2018-00973047-CU-CR-CJC, which is currently scheduled to begin trial in Orange County Superior Court on August 17, 2026.

5. Over the past 60 days, my associate, Ryane Skinner, who also serves as counsel of record in this action, and I have devoted substantial time and attention to preparing for the Kerrigan v. County of Orange trial. Those trial preparation obligations have significantly impacted our ability to complete the Answering Brief by the current deadline.

6. Additionally, I am lead counsel in and have been the principal brief writer in Teena Ammari v. Don Barnes, et al., Ninth Circuit Case No. 26-48, in which the Appellees' Answering Brief is due on July 27, 2026. The Ammari appeal involves rulings on separate dispositive motions with differing standards of

3

review and therefore has required extensive attention to diligently prepare a responsive Answering Brief. I am also lead counsel and have been the principal brief writer in <u>Oscar A. Gonzalez Cordova v. Paul Munoz, et al.</u>, Ninth Circuit Case No. 25-7524. The appeal in <u>Cordova</u> was recently reinstated and Appellees were required to file an Answering Brief by July 24, 2026. My office has been engaged in preparing the Answering Brief and recently sought and obtained a Streamlined Extension of Time given the many competing briefing deadlines discussed here, along with my trial obligations.

7. I was not a part of the trial team during any of the trial proceedings in district court. Lead trial counsel for Appellees, S. Frank Harrell, retired from the practice of law at the beginning of 2026 and I have been tasked with taking over many of his files. This transition has included me stepping into the role of a principal brief writer in this matter. As the Court is aware, the appellate record and issues raised in Appellants' Opening Brief are extensive. My office has initially responded with a Motion to Strike portions of Appellant's Opening Brief, and that motion remains pending. While our team has been working diligently, questions remain concerning the appropriate scope of this appeal. Additionally, the trial and other appellate deadlines taking place during the period since the Court granted Appellees' Streamlined Request for Extension of Time in this case have limited my ability to prepare the Answering Brief addressing Appellant's lengthy

4

arguments and the voluminous record related to the underlying four trials and six years of litigation.  Appellees will be able to complete and file their Answering Brief within the requested extension time.

8.     To the best of my knowledge, no court reporter is in default with regard to any designated transcripts.

I declare under penalty of perjury that the forgoing is true and correct, stated this July 23, 2026 in Orange, California.

*/s/ Jesse K. Cox*
Declarant

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, I electronically filed the **DECLARATION OF JESSE K. COX IN SUPPORT OF APPELLEES' MOTION FOR AN EXTENSION OF TIME TO FILE ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 23, 2026

*/s/ Debra Miranda* _____
DEBRA MIRANDA

6

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

---

Case Nos.  25-7132, 25-7297

---

JEREMY HOLLOWAY,

Plaintiff – Appellant

vs.

THE COUNTY OF ORANGE, et al.

Defendants – Appellees

---

On Appeal from the United States District Court
for the Central District of California,
District Court No. 8:19-cv-01514-DOC-DFM
The Hon. David O. Carter, Judge Presiding

---

## DECLARATION OF CATHERINE A. NALTSAS IN SUPPORT OF APPELLEES' MOTION FOR AN EXTENSION OF TIME TO FILE ANSWERING BRIEF

---

CATHERINE A. NALTSAS [SBN 262259]
JESSE K. COX [SBN 285218]
RYANE C. SKINNER [SBN 356970]
LYNBERG & WATKINS, APC
1100 Town & County Road, Suite 1450
Orange, California 92868
Tel: (714) 937-1010/Fax: (714) 937-1003
**Attorneys for Appellees**

1

## DECLARATION OF CATHERINE A. NALTSAS

I, Catherine A. Naltsas, declare as follows:

1.      I am a Partner in the law firm of Lynberg & Watkins, counsel of record for Appellees COUNTY OF ORANGE, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace office ("Appellees").  I have personal knowledge of the facts stated in this Declaration, and if called upon to do so, can competently testify thereto under oath.

2.      This declaration is prepared and submitted in support of Appellees' Motion for an Extension of Time to File Answering Brief to August 27, 2026, or in the alternative, and preferably to promote judicial economy and save time and expense of the parties, to 30 days from the date that this Court issues its ruling on Appellees' Motion to Strike [Dkt. 26].

3.      Appellees' Answering Brief in this matter was originally due on March 6, 2026.  [Dkt. 2].  Appellant filed several requests for extensions of time to submit his Opening Brief, including a Streamlined Request for Extension of Time and two motions to extend Appellant's time to file, all of which were granted.

2

Following these extensions and corresponding modification of Appellees' Answering Brief deadline, Appellee Chad Renegar filed a Steamlined Request for Extension of Time to File his Answering Brief, which was granted and all Appellees' briefing deadlines were adjusted accordingly.  On June 16, 2026, Appellees here filed their own Streamlined Request for Extension of Time to File an Answering Brief, which was granted on June 17, 2026.  [Dkt. 30].  Per that extension, Appellees' deadline to file their Answering Brief is July 27, 2026.

4.      I had previously arranged family travel with my children during June and July to Mexico (June 8-12), Lake Tahoe (June 15-22, July 7-12) and Italy (June 26-July 6).  In addition, on July 11, 2026, I was involved in a serious car accident sustaining injuries while in Lake Tahoe which required me taking July 13-16 to recover physically and also obtain an orthopedic evaluation on July 15, 2026, for my injuries which unexpectedly took me away from my desk.

5.      I remained available by email and reviewed matters; however, my travel during early June and July significantly limited my ability to prepare the Answering Brief addressing Appellant's lengthy arguments and the voluminous record concerning the underlying four trials and six years of litigation.  In addition, my unexpected car accident unexpectedly took me away from my planned ability to work in the office, and instead required a few days of recovery and an orthopedic evaluation.

3

6.     I exchanged written correspondences with Appellant's counsel to determine whether Appellant's objects to the requested extension.  As of July 23, 2026, Appellant's counsel advised that Appellant opposes the requested extension. Appellees will be able to complete and file their Answering Brief within the requested extension time.

7.     To the best of my knowledge, no court reporter is in default with regard to any designated transcripts.

I declare under penalty of perjury that the forgoing is true and correct, stated this July 23, 2026 in Los Angeles, California.

*/s/ Catherine A. Naltsas*
Declarant

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2026, I electronically filed the

**DECLARATION OF CATHERINE A. NALTSAS IN SUPPORT OF APPELLEES' MOTION FOR AN EXTENSION OF TIME TO FILE ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 23, 2026

*/s/ Debra Miranda* _____
DEBRA MIRANDA